Jennifer C. Terry (SBN 200541)
jennifer.terry@reedsmith.com
Mona A. Razani (SBN 312234)
mrazani@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRAGAN ZARIC, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>MICROSOFT CORPORATION, a Washington Corporation; and DOES 1 through 10, Inclusive,<br><br>    Defendants. | CASE NO: 2:22-cv-3060<br>**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>Los Angeles County Superior Court Case No.: 22STCV11504<br><br>State Action Filed: April 5, 2022 |

1
**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Microsoft Corporation ("Microsoft" or "Defendant") hereby removes the above-captioned action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction on the basis of diversity under 28 U.S.C. § 1332(a)(1). Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff Dragan Zaric ("Plaintiff") and filed with the Clerk of the California Superior Court for the County of Los Angeles, as an exhibit to a Notice to State Court of Removal to Federal Court.

## PROCEDURAL HISTORY

1. Plaintiff filed this action against Microsoft on April 5, 2022, in the Superior Court of the County of Los Angeles in a case entitled, *Dragan Zaric v. Microsoft Corporation*, Case No. 22STCV11504 (the "State Court Action.")

2. Microsoft was served with a copy of the Summons and Complaint on April 8, 2022. Plaintiff filed a Proof of Service in the State Court Action thereafter. (*Id.*) A true and correct copy of Plaintiff's filed Notice of Proof of Service is attached hereto as **Exhibit A**.

3. In the State Court Action, Plaintiff alleges six (6) state law claims arising out the Fair Employment and Housing Act ("FEHA") or tort: (1) retaliation; (2) disability discrimination; (3) age discrimination; (4) national origin/ancestry discrimination; (5) failure to take all reasonable steps to prevent discrimination and retaliation; and (6) wrongful termination in violation of public policy. *See,* Complaint. A true and correct copy of Plaintiff's unverified Complaint, along with the state court's Notice of Case Assignment, Instructions for Handling Unlimited Civil Cases, First Amended General Order and ADR Information Package is attached hereto as **Exhibit B**.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

2
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

4. On May 5, 2022, Microsoft filed its Answer to Plaintiff's unverified Complaint in the State Court Action. A true and correct copy of Microsoft's Answer is attached hereto as **Exhibit C**.

5. Pursuant to 28 U.S.C. § 1446(a), **Exhibits A, B and C** comprise the "cop[ies] of all process, pleadings, and orders served upon such defendant or defendants in such action."

6. In support of this Removal, the declaration of Erin Flaucher, Paralegal, Microsoft Corporation, is attached hereto as **Exhibit D**.

## NO JOINDER NECESSARY

7. Because there are no other ascertainable defendants in this action, no consent to removal is necessary.

## BASIS FOR REMOVAL

8. A notice of removal must simply contain a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); *See also Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81 (2014). This Court has original jurisdiction under 28 U.S.C. § 1332 pursuant to 28 U.S.C. § 1441 because it involves a controversy that exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), and because Plaintiff and Microsoft are diverse.

## DIVERSITY JURISDICTION

9. "[F]ederal removal jurisdiction on the basis of diversity … is determined … as of the time the [Complaint] is filed and removal is effected." *Strotek Corp. v. Air Transport Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Courts disregard fictitious "DOE" defendants when evaluating diversity. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal.").

**Plaintiff's Citizenship**

10. A natural person's citizenship is determined by his or her state of domicile. *D.C. v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a [person] lives is properly

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

taken to be his domicile until facts adduced establish the contrary."); *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Lopez v. Nationstar Mortgage LLC*, 2015 WL 6478263, *2 (C.D. Cal. Oct. 26, 2015) ("In the absence of evidence to the contrary, a party will be treated as a citizen of its state of residence for federal diversity purposes."). Plaintiff alleges he is and has been a resident of the County of Los Angeles in the state of California. *See* Complaint ¶ 1. Moreover, Plaintiff's employment records kept in the ordinary course of Microsoft's business establishes that during all relevant times, his home address was in Los Angeles County, California. *See* Flaucher Decl. ¶ 7. Consequently, Plaintiff is domiciled in California.

**Microsoft's Citizenship**

11. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Microsoft is currently, and was at the time the State Court Action commenced, organized under the laws of Washington, with its principal place of business in Redmond, Washington. *See* Flaucher Decl. ¶ 3; *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

**The Parties are Diverse**

12. As set forth above, complete diversity of citizenship exists here because the parties, Plaintiff and Microsoft, are citizens of different states. The Complaint does not set forth the identity or status of any said fictitious defendants, nor any charging allegation against any fictitious defendants. The citizenship of these Doe defendants is disregarded for diversity jurisdiction, and therefore cannot destroy the diversity of citizenship between the parties in this action. 28 U.S.C. § 1441(a).

**Amount in Controversy Exceeds $75,000**

13. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submission." *Dart Cherokee,* 574 U.S. 81. When courts "assess the amount in controversy [they] … include all relief to which a plaintiff is entitled if the

action succeeds." *Fritsch v. Swift Trans. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). In determining whether the amount in controversy exceeds $75,000, the Court must presume Plaintiff will prevail on all of his claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002) ("a court must assume . . . a jury will return a verdict for the plaintiff on all claims made in the FAC"). Microsoft only needs to show by a preponderance of the evidence that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-04 (9th Cir. 1996). Here, the Court can reasonably ascertain from Plaintiff's Complaint and his prayer for relief that the amount in controversy exceeds $75,000.

14. <u>Claimed Damages</u>. The Complaint seeks economic damages including loss of past and future earnings and benefits, and all damages "flowing from" Plaintiff's loss of earnings, consequential economic damages, for all interest as allowed by law, for all costs and disbursement incurred in this suit, attorneys' fees and costs, emotional distress damages and punitive damages, among others. *See*, Complaint, Prayer for Relief, p. 20 ¶¶ 1-10. Courts include each of these categories of damages in evaluating the amount in controversy. *See, e.g.*, *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) ("[E]motional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the FAC."); *Ramirez*, 2018 WL 5816107, *10 (court includes benefits in evaluating amount in controversy). In evaluating the amount in controversy where a plaintiff seeks unpaid wages, courts consider past and "future wages … whatever the likelihood that she will actually recover them." *Tipton v. Airport Terminal Servs., Inc.*, No. 2:18-CV-09503-AB-JEM, 2019 WL 185687, at *9 (C.D. Cal. Jan. 14, 2019).

15. <u>Past Earnings</u>. Plaintiff is a former employee for Microsoft. *See* Flaucher Decl. ¶ 4. Plaintiff commenced employment with Microsoft in or around July 2018 and separated from employment in or around January 2022. (Complaint ¶ 10, 32.) During

Case 2:22-cv-03060-FLA-E   Document 1   Filed 05/06/22   Page 6 of 9   Page ID #:6

his multi-year employment with Microsoft, while eligible to receive more, Plaintiff earned $635,098.77 in total base salary and approximately $52,900 in signing and reward bonuses, and stock awards valued at approximately $102,110.89, among other compensation. *See* Flaucher Decl. ¶ 5. Plaintiff's last base rate of pay was approximately $7,479.17 semi-monthly, or approximately $14,958.34 a month. (*Id.*) In 2019, Plaintiff earned $244,755.07 in reportable wages; in 2020, Plaintiff earned $214,204.17 in reportable wages; in 2022, Plaintiff earned $228,970.73 in reportable wages. (*Id.*) Moreover, during his employment, Plaintiff was eligible to participate in Microsoft's benefits including healthcare, not included in this figure. (*Id.*) Thus, Plaintiff's alleged lost wages in base salary *alone* from his separation date to the estimated date of trial (estimated April 2023) would be $179,500.08 (12 months x $14,958.34). *See Fisher v. HNTB Corp.*, No. 2:18-CV-08173-AB-MRW, 2018 WL 6323077, at *5 (C.D. Cal. Dec. 3, 2018) ("The parties have not set a trial date; however, the Court finds Defendants' proposed date of trial for purposes of this motion—one year from the date of removal—is a conservative estimate of the trial date."); *Reyes v. Staples Off. Superstore, LLC*, No. CV 19-07086-CJC (SKX), 2019 WL 4187847, at *3 (C.D. Cal. Sept. 3, 2019) ("The Court next finds that . . . it can consider lost wages up until the date of a potential trial . . .Though no trial date has been set, courts have often found that one year from the date of removal is a conservative estimate of the trial date in employment cases. . . ."); *Tipton*, 2019 WL 185687, *8 ("in evaluating the appropriate period of time for calculating future wages, "sixteen months from the date of removal is [] appropriate[.]")

Future Earnings

16.     Future Earnings. Because Plaintiff seeks "lost wages" pursuant to California employment statutes, to the extent Plaintiff seeks future damages or front pay, such front pay awards in California span several years. *See e.g. Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d. 503, 518 (1989) (front pay until mandatory retirement age reached which was four years); *Drzewiecki v. H & R Block, Inc.*, 24 Cal.

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

App. 3d. 695, 705 (1972) (ten years). Assuming a conservative front-pay award of two years from the trial date, Plaintiff's purported front-pay award just calculating base salary would be $359,000.16 (24 months x $14,958.34).

17. <u>Emotional Distress Damages</u>. Plaintiff further seeks to recover emotional distress damages (identified specifically in the Complaint as both "emotional distress damages" and "general damages"). *See,* Complaint, Prayer for Relief, p. 20 ¶¶ 1, 7. Emotional distress damages are considered for the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("district court properly considered . . . emotional distress damage awards in similar age discrimination cases . . ."). Emotional distress damages in California discrimination cases can also be sizeable. *See e.g. Ramirez v. Little Caesars Enterprises, Inc.*, 2:18-CV-07993-AB-JPR, 2018 WL 5816107, at *11 (C.D. Cal. Nov. 2, 2018) ("emotional distress damages ranged from $500,000 to $2.5 million"). Microsoft denies that any emotional distress damages should be awarded here; however, for purposes of the amount in controversy requirement, these claimed damages should be considered and in of itself exceeds the amount of controversy requirement.

18. <u>Punitive Damages.</u> Plaintiff also seeks punitive damages. *See,* Complaint, Prayer for Relief, p. 20 ¶ 9. Punitive damages are considered as part of the amount in controversy. *See Simmons*, 209 F. Supp. 2d at 1033 ("[t]he amount in controversy may include punitive damages when they are recoverable as a matter of law"). "Punitive damages are available under FEHA." *Id.* Microsoft denies that punitive damages should be awarded here; however, for purposes of the amount in controversy requirement, claimed punitive damages should be considered.

19. <u>Attorneys' Fees</u>. The Complaint seeks an award of attorneys' fees. Complaint Prayer for Relief, p. 20, ¶ 6. "[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794. "Attorneys' fees are recoverable as a matter of right to the prevailing party under FEHA." *Id.* An "appropriate and

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

conservative estimate for attorneys' fees in employment cases in this district may reasonably be expected to equal at least $30,000." *Ramirez*, 2018 WL 5816107, *10 (including $30,000 of attorneys' fees in the amount in controversy"). Microsoft denies that any attorneys' fees should be awarded here; however, for purposes of the amount in controversy requirement, claimed attorneys' fees should be considered.

**Complete Diversity**

20. While Microsoft denies any liability in connection with Plaintiff's claims, because diversity of citizenship exists and the amount in controversy exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. §1332(a).

## VENUE

21. The State Court Action is being removed from the Superior Court of the State of California, County of Los Angeles. *See generally* FAC. As such, venue lies in the Central District of this Court pursuant to 28 U.S.C. §§1441 and 1446(a).

## TIMELINESS OF REMOVAL

22. This Notice is timely because Microsoft filed it in the time period set forth in section 1446(b). Microsoft was served with a copy of the Summons and Complaint on April 8, 2022. The 30th day after April 8, 2022 falls on a Sunday, May 8, 2022. *See* Fed. R. Civ. P. 6(a); *See also Gonzalez v. Ford Motor Co.*, 2019 WL 1364976,*4 (C.D. Cal. Mar. 22, 2019) ("Because 30 days ... fell on a Sunday, Defendant's removal the following day . . . was timely."); *Rust v. Chino Prison Healthcare Providers*, 2017 WL 2952924, *3 (C.D. Cal. June 9, 2017) ("[T]he[] 30-day removal deadline [of] Sunday, April 2, 2017 . . . was automatically extended to Monday, April 3, 2017, by Federal Rule of Civil Procedure 6(a)(1)(C).") Therefore, Microsoft has until May 9, 2022 to file this Notice and does so in advance of this date.

## COMPLIANCE WITH 28 U.S.C. §1446

23. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served on or filed by Microsoft in the Action are filed and attached with this Notice of Removal.

24. Microsoft will file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California, County of Orange where the removed action has been pending, pursuant to 28 U.S.C. § 1446(d). Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

## CONCLUSION

25. By filing this Notice of Removal, Microsoft does not waive any defenses which may be available to it. In the event any question arises as to the propriety of the removal of this Action, Microsoft requests that the Court issue and Order to Show Cause so that it may have an opportunity to present a brief and oral argument in further support of its position.

26. WHEREFORE, Microsoft gives notice that the State Court Action pending against it in the Superior Court of the State of California for the County of Los Angeles is removed to this Court.

DATED: May 6, 2022

                                        REED SMITH LLP

                                        By: /s/ *Mona A. Razani*
                                                 Jennifer C. Terry
                                                 Mona A. Razani
                                                 Attorneys for Defendant
                                                 MICROSOFT CORPORATION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**